DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Jeffrey Bell, appeals from the judgment of the Summit County Court of Common Pleas finding him guilty of Robbery, Attempted Kidnapping, Failure to Comply with the Order or Signal of a Police Officer, Grand Theft, Driving Under Suspension, Resisting Arrest, and Traffic Control Signal Lights. We affirm the decision of the trial court.
 {¶ 2} An indictment was filed on August 19, 2004, charging Defendant with one count of Attempted Kidnapping in violation of R.C. 2905.01(A)(2)/2923.02, a second degree felony; one count of Robbery, under R.C. 2911.02(A)(2), a second degree felony; one count of Failure to Comply with Order or Signal of Police Officer under R.C. 2921.331(B), a third degree felony; Grand Theft, in violation of R.C. 2913.02(A)(1), a fourth degree felony; one count of Driving Under Suspension, in violation of R.C. 4510.11, a first degree misdemeanor; one count of Resisting Arrest, in violation of R.C. 2921.33(A), a second degree misdemeanor; and, finally, one count of failing to obey traffic control signal lights, namely, a red light, in violation of R.C. 4511.13, a minor misdemeanor.
 {¶ 3} On November 3, 2004, Defendant waived his right to have his case tried by a jury and opted rather for a bench trial. Defendant was found guilty on all counts in the indictment. Defendant appeared for a sentencing hearing on November 23, 2004. The trail court sentenced Defendant to six years in prison for Attempted Kidnapping and Robbery, one year for Grand Theft, one year for Failure to Comply, six months for Driving Under Suspension, ninety days for Resisting Arrest, and a $100.00 fine for Running a Red Light. The trial court ordered that all of Defendant's sentences are to run concurrently with each other for a total prison term of six years.
 {¶ 4} Defendant now appeals his convictions for attempted kidnapping and robbery, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The verdict finding [Defendant] guilty was against the manifest weight of the evidence; the evidence is not legally sufficient to support the verdict."
 {¶ 5} In his only assignment of error, Defendant maintains that his convictions for attempted kidnapping and robbery were not supported by sufficient evidence and that his convictions on those two counts were against the manifest weight of the evidence. The only issue that Defendant points to in support of his contention that his convictions should be reversed is that he did not intend to steal the vehicle in question at the time, and the trial court erred in finding otherwise. We disagree.
 {¶ 6} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 7} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. Sykes Constr. Co. v. Martell
(Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5.
 {¶ 8} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) Statev. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. CuyahogaFalls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5. Therefore, we will focus on whether Defendant's convictions for attempted kidnapping and robbery were against the manifest weight of the evidence.
 {¶ 9} Defendant maintains that his two convictions were against the manifest weight of the evidence because not all of the elements of each offense were proven. Namely, he argues that he did not intend to steal the victim's vehicle when he first entered it. As he did not intend to commit a theft offense until after the victim left her car, Defendant insists that his convictions for attempted kidnapping and robbery should be reversed.
 {¶ 10} We find that the evidence presented at trial was sufficient to find the requisite intent. The testimony at trial established that the victim, Ms. Kimberly Jenkins, was driving with two of her friends when they stopped at a gas station to buy cigarettes and candy. Ms. Jenkins remained in the car, while the other two went into the gas station. Defendant, without permission, jumped into the driver's seat of Ms. Jenkins' car. Ms. Jenkins testified that "[she] reached over and [she] tried to grab the keys out of the ignition to turn the car off and [Defendant] grabbed her arm." Ms. Jenkins yelled to the Defendant "You can have my car." Then "as [she] tried to reach for the passenger door to open the door, he grabbed [her] inner thigh and he grabbed the back of [her] head and was trying to pull [her] back into the car [.]"
 {¶ 11} While Defendant claims that he mistakenly entered Ms. Jenkins' car and did not intend to steal it, the testimony above and the surrounding circumstances tend to prove otherwise. During the struggle with Defendant, one of Ms. Jenkins' acrylic fingernails broke off. That nail was later recovered by the police. Further, photographs were taken of Ms. Jenkins' thigh showing a hand print from her struggle with Defendant.
 {¶ 12} Ms. Jenkins managed to get out of the vehicle and Defendant sped off with it. The police were called from inside the gas station. Officer Russell Shinn was on duty at the time and he was the first officer to respond to the call. He located the vehicle and attempted to initiate a stop. Officer Shinn testified that "[Defendant] refused to stop with [his] lights and sirens." Defendant, with Officer Shinn chasing behind him, was traveling approximately 65 miles per hour in a 25 mile per hour zone. Defendant ran multiple red lights, and was swerving left of center at time. Cars had to stop or pull over to avoid being hit by him.
 {¶ 13} Defendant ultimately turned onto a dead end street. He then stopped the car, got out, and began running towards Officer Shinn, who struck Defendant to defend himself. Officer Shinn attempted to handcuff Defendant, but was unable because he "was continuously fighting, [and] being aggressive [.]" Another responding officer, Officer Wypasek, used his taser on Defendant with no success. He continued tasing Defendant, and after some time, Defendant went to the ground, but, even then, continued fighting. Eventually, the officers managed to handcuff Defendant.
 {¶ 14} It is well established that evidence of flight is admissible to show "consciousness of guilt." State v. Taylor (1997), 78 Ohio St.3d 15,27, citing State v. Eaton (1969), 19 Ohio St.2d 145, paragraph six of the syllabus. The court was entitled to infer from the evidence presented of Defendant's flight that he was conscious of his guilt. Also indicative of Defendant's guilt, when Ms. Jenkins' saw her vehicle after Defendant's arrest, she noticed that the contents of her purse were strewn about the car and had been rummaged through.
 {¶ 15} The only assertion that Defendant makes with regard to his sentences being against the manifest weight of the evidence was that he did not intend to steal Ms. Jenkins' car. However, from the evidence above, including Ms. Jenkins' testimony of the struggle, her recovered fingernail, the photographs of Defendant's hand print on her thigh, the testimony of three police officers regarding Defendant's flight and struggle, and the fact that Defendant had rummaged through the victim's purse, we find that Defendant's conviction was not against the manifest weight of the evidence.
 {¶ 16} Defendant argues that the trial court did not give enough credit to his version of the events, in which he claims that he did not intend to steal the vehicle. However, when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the prosecution testimony was believed over the testimony of the Defendant, as in the instant case. See State v. Warren
(1995), 106 Ohio App.3d 753, 760. `"On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.'" Statev. Wolery (1976), 46 Ohio St.2d 316, 331, quoting State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} "This Court will not overturn a judgment based solely on the fact that the [trier of fact] preferred one version of the testimony over the other." State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at 9, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. The evidence persuades us that the trier of fact neither lost its way nor created a manifest miscarriage of justice in convicting Defendant of attempted kidnapping and robbery. As such, we find that Defendant's conviction was not against the manifest weight of the evidence. Having found that the weight of the evidence supports Defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of. Roberts, at 4. Defendant's assertion that the State failed to present sufficient evidence to support his conviction, therefore, is not well taken. Defendant's assignment of error is overruled.
 {¶ 18} We overrule Defendant's assignment of error and affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., concur.